IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| J & J Sports Productions, Inc., ) | Civil Action No. 2:12-02498-CWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Latashia Washington and ) | |
| Brian Washington d/b/a Honey Beez, ) | |
| ) | |
| Defendants. ) | |

J & J Sports Productions, Inc. (the "plaintiff") brought this action against Latashia Washington and Brian Washington d/b/a Honey Beez (the "defendants") pursuant to 47 U.S.C. § 553 for the unauthorized interception and exhibition of a cable service program and pursuant to 47 U.S.C. § 605 for the unauthorized publication or use of communications transmitted by a satellite signal.[1] The plaintiff also alleged a state law cause of action for conversion. The gravamen of the plaintiff's complaint was that the defendants had shown a televised boxing match in their business establishment on May 7, 2011 without having entered into the requisite sub-licensing agreement with the plaintiff, who owned the exclusive, nationwide commercial television distribution rights to the boxing match.

The complaint initially was brought only against Latashia Washington, who timely filed a pro se answer. Accordingly, the matter was referred to a United States Magistrate Judge for pre-

---

[1] The plaintiff alleged two alternative counts, because, at the time it filed the complaint, it could not determine whether the defendant intercepted the program as transmitted by a cable system, in violation of 47 U.S.C. § 553, or as transmitted by a satellite signal, in violation of 47 U.S.C. § 605.



trial proceedings and a report and recommendation ("R&R") pursuant to 28 U.S.C. §§ 636(b)(1)(A) & (B) and Local Civil Rule 73.02(B)(2)(e), D.S.C. The magistrate judge issued an order directing Latashia Washington to notify the Clerk of Court in writing of any changes in her address and to answer the Local Civil Rule 26.01 Interrogatories that were provided to her. (ECF No. 10). Latashia Washington answered the Rule 26.01 Interrogatories, stating that she was the owner of Honey Beez "only on paper" because her brother, Brian Washington, "had a criminal record and could not get a [sic] alcohol & beer license." (ECF No. 15, at (F)). Based on this information, the plaintiff filed a motion to amend the complaint to add Brian Washington as a defendant, and the magistrate judge granted the motion.

Latashia Washington and Brian Washington were personally served with the amended summons and complaint at their place of residence (ECF Nos. 28 & 29) but neither defendant answered or otherwise responded to the amended complaint. On March 7, 2013, the plaintiff filed a request for an entry of default against each defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On March 12, 2013, the Clerk of Court entered a default against Brian Washington and mailed notice of that entry to him. (ECF Nos. 31 & 32). Also on that day, the magistrate judge ordered Latashia Washington to respond to the amended complaint within ten days, and informed her that if she failed to respond, default would be entered against her. (ECF No. 33). After Latashia Washington did not respond to the magistrate judge's order, on April 1, 2013 the Clerk of Court entered a default against her and mailed notice of that entry to each of the two addresses the Clerk had on file for her. (ECF Nos. 36 & 37). One notice was returned as undeliverable on April 9, 2013. (ECF No. 38).



On April 29, 2013, the plaintiff moved for default judgment as to Latashia Washington d/b/a Honey Beez and Brian Washington d/b/a Honey Beez, and specifically stated that it elected to pursue statutory and enhanced damages and attorney's fees and costs pursuant to 47 U.S.C. § 605. (ECF No. 39 at 3). The plaintiff mailed copies of the motion to the address at which Latashia Washington and Brian Washington had been personally served with the amended summons and complaint. (ECF No. 39; see ECF No. 39-8 (certificate of service)). On July 12, 2013, the Clerk of Court issued a notice of hearing on the motion for default judgment and mailed notice of the hearing to Latashia Washington and Brian Washington at all known addresses. (ECF Nos. 42, 43 & 44). The magistrate judge also ordered that the plaintiff serve the defendants Latashia Washington d/b/a Honey Beez and Brian Washington d/b/a Honey Beez with the notice of hearing on the motion for default judgment and the motion for default judgment on or before August 1, 2013. (ECF No. 43). The plaintiff served the defendants by mail and filed a certificate of service on July 15, 2013. (ECF No. 45).

On August 15, 2013, the case came before the magistrate judge for a hearing on the motion for default judgment. Counsel for the plaintiff was present, but the defendants failed to appear and the magistrate judge took the matter under advisement. (ECF No. 48). On September 30, 2013, the magistrate judge issued an R&R, which recommended that the plaintiff's motion for default judgment be granted, and further recommended, pursuant to 47 U.S.C. § 605, that the plaintiff be awarded $8,400.00 in statutory damages, $16,800.00 in enhanced damages, and $3,749.20 in attorneys' fees and costs, for a total award of $28,949.20. (ECF No. 51). The magistrate judge also recommended that the defendants be found jointly and severally liable for the award of damages. (ECF No. 51). The Clerk of Court mailed copies of the R&R to Latashia



Washington and to Brian Washington at the addresses listed on the docket. However, due to a clerical error, the R&Rs were mailed without the notice that advised the defendants of the procedures for filing objections thereto and the serious consequences if they failed to do so. When this omission was discovered by the Court, the Clerk of Court reprinted the R&R, attached the notice, and mailed the documents to Latashia Washington and to Brian Washington at all of the addresses listed on the docket. (ECF No. 52). All of the mail was returned to the clerk as undeliverable. (ECF Nos. 53 & 54).

As noted above, after the defendant Latashia Washington answered the complaint, she was specifically advised that she must notify the Clerk of Court in writing of any changes in her address. (ECF No. 10). Latashia Washington has not contacted the Clerk of Court to advise of any change in her address. Neither defendant has filed objections to the R&R and the time for doing so has expired.

This matter is now before the Court for disposition. The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews, 423 U.S. at 270-71; Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court "may accept, reject, or modify, in whole or in part,"

the R&R, "or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

After carefully reviewing the applicable law, the record in this case, and the R&R, the Court finds the magistrate judge's R&R fairly and accurately summarizes the facts and applies the correct principles of law. The Court, therefore, accepts and adopts the R&R of the magistrate judge (ECF No. 51) in its entirety. The plaintiff's motion for default judgment (ECF No. 39) is granted, and it is ordered that the plaintiff be awarded statutory and enhanced damages in the aggregate amount of $25,200.00, along with attorney's fees in the amount of $3,749.20, for a total award of $28,949.20. It is further ordered that the defendants Latashia Washington and Brian Washington d/b/a Honey Beez be jointly and severally liable for the total award of damages.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

November 14, 2013
Charleston, South Carolina

